Commonwealth ex rel. Nedzwecky *v.* Nedzwecky,
Appellant.

Argued March 21, 1964. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

*M. Mark Mendel,* with him *Mendel & Killeen,* for appellant.

*Edward R. Becker,* with him *Becker & Becker,* for appellee.

OPINION BY WRIGHT, J., April 14, 1964:

William Nedzwecky has appealed from an order of the County Court of Philadelphia entered in a support proceeding on July 30, 1963, which order revoked a prior order entered March 16, 1962, directing blood tests to resolve the paternity of William Nedzwecky, Jr. It will be necessary to briefly summarize the factual and procedural situation.

William and Alice Nedzwecky were married on March 5, 1953, and ceased living together on September 16, 1960. Two children were born prior to the separation, Darlene on August 7, 1953, and William, Jr. on July 7, 1960. One child was born after the separation, Melody on June 5, 1961. Upon the wife's petition, an order was entered on January 23, 1961, in amount of $45.00 per week, for the support of Alice, Darlene and William, Jr. On May 18, 1961, after rehearing, the order was vacated as to Alice for just cause, and was entered in the sum of $30.00 per week for the support of Darlene and William, Jr. On March 7, 1962, Alice petitioned for an increase in the order to cover Melody's support. William thereupon requested blood tests to determine the paternity of both Melody and William, Jr. On March 16, 1962, the court entered an order directing the requested blood tests,

and staying the proceedings pending their completion. At the appointed time Alice produced Melody only, and the ensuing tests excluded paternity. Accordingly no order was entered for Melody's support. On July 12, 1963, the court revoked its order of March 16, 1962, so far as it required blood tests to determine the paternity of William, Jr., and vacated the stay of proceedings. This appeal followed.

The question involved is stated by appellant as follows: "Where there is ample evidence of meretricious conduct and where one of the children born during wedlock is declared not to be the child of the appellant, should the court have enforced its original order demanding a blood test on both children".

Appellant points out that, at the time of the original order requiring him to support William, Jr., he could not apply for blood tests under the statute then in effect. Act of May 24, 1951, P. L. 402. See *Commonwealth ex rel. O'Brien v. O'Brien,* 182 Pa. Superior Ct. 584, 128 A. 2d 164; affirmed 390 Pa. 551, 136 A. 2d 451. He argues that the enactment of the Uniform Act on Blood Tests to Determine Paternity, Act of July 13, 1961, P. L. 587, 28 P.S. 307.1 et seq., enabled him to prove "that which had heretofore been denied him", and contends that the uniform statute "should be construed to apply retroactively". In answer to the suggestion by appellee that he would in any event be estopped from questioning the paternity of William, Jr.,[1] he adopts the reasoning in the dissenting opinion in *Commonwealth ex rel. Weston v. Weston,* 201 Pa. Superior Ct. 554, 193 A. 2d 782, "that to write the doctrine of estoppel into the Act of 1961 is judicial legislation".

---

[1] Appellant filed two habeas corpus petitions seeking visitation rights, one before and one after the effective date of the Uniform Act.

We deem it unnecessary on this appeal to consider the question of estoppel. It is a complete answer to appellant's contention to point out that the enactment of the Act of 1961 did not and could not alter the prior adjudication of the court below, implicit in the entry of the original support order, that appellant was the father of William, Jr. In the absence of an appeal from that order, the fact of appellant's paternity of William, Jr. became established as a matter of law. A relevant fact necessarily determined as a prerequisite to the entry of an original support order may not, under the doctrine of res judicata, be challenged or put at issue in any subsequent proceeding. Cf. *Commonwealth ex rel. Howard v. Howard*, 138 Pa. Superior Ct. 505, 10 A. 2d 779.

In *Commonwealth ex rel. DeShields v. DeShields*, 173 Pa. Superior Ct. 233, 98 A. 2d 390, the respondent attempted, in a proceeding to vacate a support order, to deny that he had entered into a marriage with the relatrix. We held that the original order of support, unappealed from, was res judicata as to the fact of marriage. See also *Commonwealth ex rel. Scarpato v. Scarpato*, 190 Pa. Superior Ct. 45, 151 A. 2d 783. To sustain appellant's contention, as aptly stated by Judge SCHWARTZ of the court below, "would open the door to a flood of petitions by embittered or disgruntled husbands who desire to harass their estranged wives".

Order affirmed.

---

DISSENTING OPINION BY ERVIN, J.:

I continue to believe that a man should be permitted to prove by conclusive evidence that he is not the father of a child he is asked to support. The blood test permitted in this case as to one child excluded the appellant. To deny him the opportunity to offer such proof as to the other child is unjust. I dissent.