419 A.2d 1288

**COMMONWEALTH of Pennsylvania**

v.

**Dennis J. SAGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed May 2, 1980.

Thomas P. Cole, II, Greensburg, for appellant.

Morrison F. Lewis, Jr., Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

The facts of this case, as nearly as can be determined from the confused record, appear to be as follows: On August 31, 1971, appellant pled guilty to one count each of Fornication and Bastardy, respectively. He was sentenced to pay lying–in expenses and support "until further notice of the court." Appellant did not appeal the judgment of sentence, and made no payments. On April 7, 1977, the mother of the child alleged to be appellant's filed a petition for contempt. After a hearing on June 7, 1977, appellant was ordered to pay arrearages and to continue paying support. On September 8, 1977, appellant moved for a blood test under the Uniform Act on Blood Tests to Determine Paternity, 28 P.S. § 307.1 et seq. Appellant then filed, on November 23, 1977, a Post–Conviction Hearing Act (PCHA) petition incorporating by reference his petition for a blood test order and, in addition, alleging that the attorney who represented him at the time of his guilty plea rendered him ineffective assistance in failing to bring to the attention of the trial court the fact that appellant was under the influence of drugs at the time of the plea, and that his plea was therefore involuntary; and for failing to move for a blood test to determine paternity of the child. On the same day, the court below ordered the requested blood tests. After the submission of the test results, the court ordered a PCHA hearing. Follow-

ing the hearing, the lower court denied appellant's "Motion for Admissibility of blood test results" and found that appellant's guilty plea had been voluntary. No record was made of the testimony at any of the numerous hearings listed above.

■ The reliance of the court below, and of appellee, upon *Commonwealth ex rel. Palchinski v. Palchinski,* 253 Pa.Super. 171, 384 A.2d 1285 (1978), is misplaced. That case held that a support order from which no appeal is taken establishes paternity as *res judicata.* 253 Pa.Super at 174–75, 384 A.2d at 1287, *citing Commonwealth ex rel. Nedzwecky v. Nedzwecky,* 203 Pa.Super. 179, 199 A.2d 490 (1964). However, *Palchinski* by no means prevents appellant's raising, in a PCHA petition, the issue of the ineffectiveness of his counsel's representation during the guilty plea proceeding.

Pennsylvania Rule of Criminal Procedure 319(a) provides that a judge "shall not accept [a guilty plea] unless he determines after inquiring of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." Pa.R.Crim.P. 319(a). "[T]he question whether the plea of guilty is voluntarily and intelligently made can only be determined if it is shown on the record what comprehension the accused had of the nature and elements of the charge against him . . . ." *United States ex rel. McDonald v. Pennsylvania,* 343 F.2d 447, 451 (3d Cir. 1965); *see Commonwealth v. Cushnie,* 433 Pa. 131, 134–36, 249 A.2d 290, 292 (1969); *Commonwealth v. Enty,* 442 Pa. 39, 40, 271 A.2d 926, 927, *cert. denied,* 402 U.S. 913, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971). The facts of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), are similar to those of the case before us. In *Boykin,* the Supreme Court of the United States reversed the Supreme Court of Alabama's affirmance of judgments entered on five counts of common law robbery to which Boykin had pled guilty. The only entry of record concerning the guilty plea hearing was, in its entirety:

This day in open court came the State of Alabama by its District Attorney and the defendant in his own proper

person and with his attorney, Evan Austill, and the defendant in open court on this day being arraigned on the indictment in these cases charging him with the offenses of Robbery and plead [sic] guilty.

395 U.S. at 245, 89 S.Ct. at 1713 n.1. The Court held that "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Id.* at 242, 89 S.Ct. at 1711. *Boykin* thus requires "an on the record determination that the defendant understood the nature and elements of the charges against him." *Commonwealth v. Minor*, 467 Pa. 230, 238, 356 A.2d 346, 350 (1976). We find no substantial difference between the above notation and the following statement constituting the sole record of the guilty plea hearing in the case before us:

The above captioned case having been called for Trial this date and it now appearing that there is not sufficient evidence to convict defendant of the Rape charge; it also appearing that defendant wishes to plead to Fornication and Bastardy: THEREFORE with the consent of the District Attorney the original charge of Rape is hereby nolle prossed and defendant is permitted to enter a guilty plea to Fornication and Bastardy.

Since *Boykin* controls the instant case, the above paragraph cannot validate appellant's guilty plea. *See also Commonwealth v. Godfrey*, 434 Pa. 532, 254 A.2d 923 (1969); *Commonwealth v. Schork*, 467 Pa. 248, 251, 356 A.2d 355, 357 (1976).

■■■■ The record in the instant case on the issue whether appellant's guilty plea was entered voluntarily is not only silent, but also nonexistent, and the Commonwealth must therefore show that the plea was made voluntarily, knowingly and intelligently. *Commonwealth v. Belgrave*, 445 Pa. 311, 285 A.2d 448 (1971); *Commonwealth v. Cushnie, supra.* Since, under *Boykin's* strict rule, it is apparent on what record there is that the Commonwealth cannot meet its burden, *see also Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978), we may grant immediate relief. *Common-*

*wealth v. Ritchey,* 431 Pa. 269, 276 n. 5, 245 A.2d 446, 451 n.5 (1968); *Commonwealth v. Ezell,* 431 Pa. 101, 244 A.2d 646 (1968). "[T]he remedy to be applied when the guilty plea colloquy is found to be inadequate to show a voluntary plea has been determined to be reversal of the tainted conviction and remand for a new trial." *Commonwealth v. Minor, supra,* 467 Pa. at 235 n.4, 356 A.2d at 348 n. 4. *A fortiori,* the same remedy obtains when there is no record colloquy. *See Boykin v. Alabama, supra,* 395 U.S. at 240, 89 S.Ct. at 1710. *Cf. McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (hearing court's failure to follow guilty plea procedure set forth by F.R.Crim.P. 11 required reversal of conviction and new trial rather than an evidentiary hearing on the voluntariness of the plea).

The order of the court below is reversed; the judgment of sentence is reversed, and the cause remanded for new trial.