420 A.2d 749

**R. J. K.**

v.

**B. L., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed June 27, 1980.

Anthony Roberti, Jim Thorpe, for appellant.

Jean E. Graybill, Harrisburg, for appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

MONTGOMERY, Judge:

Appellant, B. L., lived with appellee, R. J. K., at various times between 1972 and 1977. During this period, two children were born to the appellee. Although the appellee was separated from her husband, she continued to see him on an irregular basis at the same time she was living with the appellant. In spite of her on–going relationship with her husband, appellee persuaded the appellant to sign a support agreement on February 6, 1975, for her minor child. Again, in November, 1975, appellant voluntarily agreed to increase the support agreement to include appellee's second child. Both consensual support orders were approved by the Court of Common Pleas of Lehigh County. No appeal from either order was ever taken.

The appellant made no payments on the support order of November, 1975. A rule to show cause why not to hold appellant in contempt for wilful nonpayment of child support was filed on September 28, 1978. In response to the above rule, appellant filed a petition seeking to strike the support order. On December 8, 1978, by an order of court, appellant's petition was dismissed and he was held in contempt for wilful nonpayment of child support. From this court order, appellant is pursuing this appeal.

* Judge VINCENT A. CIRILLO of the Court of Common Pleas, Montgomery County, Pennsylvania, is sitting by designation.

74

■ It is well–settled that entry of a court order for support of a child necessarily determines the issue of paternity. *Commonwealth ex rel. Palchinski v. Palchinski*, 253 Pa.Super. 171, 384 A.2d 1285 (1978). *Commonwealth ex rel. Nedzwecky v. Nedzwecky*, 203 Pa.Super. 179, 199 A.2d 490 (1964). Appellant nonetheless argues that, in this case, the consensual support order should not render a determination of paternity. Herein, the appellee was married to another at the time her children were born. The law presumes the offspring of married women to be legitimate. *Commonwealth v. Fletcher*, 202 Pa.Super. 65, 195 A.2d 177 (1963). In light of this presumption, to treat the support order as an acknowledgment of paternity in effect declares the children to be illegitimate. Appellant argues that such a determination flies in the face of public policy, unless it is the result of a full judicial hearing with evidence presented by both sides. We must disagree.

■ While it is true that the presumption of legitimacy arises in favor of children born to married women, it is not irrebuttable. The presumption of legitimacy stands only until met with evidence which makes it clearly apparent that the husband was not the father of the child. *Commonwealth v. Fletcher*, supra. A support order voluntarily entered into by one other than the husband constitutes sufficient evidence that the husband was not the father of the children in question, and thus rebuts the presumption of legitimacy. It cannot be considered contrary to public policy for the natural father to assume responsibility for a child, thereby alleviating the need for society to do so.

■ Assuming the support order did constitute an admission of paternity, appellant next contends that the trial judge erred in refusing to permit introduction of evidence contesting that conclusion of fact. However, as a final decree, a support order can only be attacked on direct appeal. *Armstead v. Dandridge*, 257 Pa.Super. 415, 390 A.2d 1305 (1978); *Commonwealth ex rel. Palchinski v. Palchinski*, supra. No appeal from either support order was ever pursued in this case. The doctrine of res judicata now operates to foreclose any subsequent challenge on the issue of pater-

nity. *Commonwealth ex rel. Nedzwecky v. Nedzwecky,* supra.

■ The fact that both support orders were consensual and not the result of a full evidentiary hearing makes them no less final and no more subject to challenge. As this court stated in *Baran et al. v. Baran,* 166 Pa.Super. 532, 537, 72 A.2d 623 (1950):

> (The consent decree) bound the parties with the same force and effect as if a final decree had been rendered after a full hearing [on] the merits. . . .

The entry of the support orders decided the issue of paternity as it relates not only to past and present responsibilities of support, but also as to future obligations arising from the support orders. Thus, res judicata bars any further reconsideration of this issue at any later date.

■ Allegations of fraud or mutual mistake would provide the only bases upon which a court would review such a final decree. *Baran et al. v. Baran,* supra. Appellant's petition to strike the support order alleged neither fraud or mutual mistake which, if proven, might have justified a review of the facts established by the consent decree.

Order affirmed.