O'Hara v. Phillips

*Eugene Doud,* for petitioner.
*Roger Mattes,* for respondent.

KOSIK, *P.J.,* November 10, 1980—This matter is before the court on the petition of Thomas Phillips, respondent, to terminate a support order. Petitioner, Kathryn O'Hara, had a child out of wedlock on July 28, 1978. Petitioner signed a statement for the Department of Public Welfare on October 5, 1979 which named respondent as father of the child and alleged that respondent admitted paternity. On March 19, 1980, respondent signed a statement acknowledging paternity of the child and his legal liability to support the child. Further, on the same day, respondent signed an agreement for order for support. An order was issued by the court on March 19, 1980 directing respondent to pay $20 per week toward the support of the child. Respondent has filed a petition to terminate this support order.

A hearing was held on the petition to terminate the support order on October 31, 1980. At the hearing, a caseworker from the Pennsylvania Department of Public Welfare testified that petitioner admitted that she did not know if respondent was the

father of her child because she had been raped one night. However, on cross-examination, he stated that on a subsequent occasion petitioner informed him that she was coerced by respondent to make the earlier statement regarding the rape incident. No other evidence to negate respondent's paternity was presented.

While distinguishable on its facts, we believe that the reasoning of President Judge Gates in Com. ex rel. Kemper v. Kemper, 10 Lebanon 401 (1965), controls in this case. Once an order for child support has been entered by a court and a respondent does not appeal from such order, the fact of respondent's paternity of the minor child becomes established as a matter of law. "'A relevant fact necessarily determined as a prerequisite to the entry of an original support order may not, under the doctrine of res judicata, be challenged or be at issue in any subsequent proceeding. . . .'" Kemper, supra, at p. 403, citing Com. ex rel. Nedzwecky v. Nedzwecky, 203 Pa. Superior Ct. 179, 199 A. 2d 490 (1964). Here, when respondent signed the affidavit acknowledging paternity of child and his legal liability to support the child, and a court order for support was entered, the question of respondent's paternity became res judicata, since no appeal was taken from the support order. Accordingly, respondent's petition to terminate the support order is dismissed.

## ORDER

Now, November 10, 1980, it is hereby ordered that respondent's petition to terminate the support order is dismissed.