## GOVERNMENT OF THE VIRGIN ISLANDS ex rel. MIRIAM LLOYD o/b/o CARMELLA LLOYD, Petitioner

### v.

### CLIVE MALONE, Respondent

Case No. Fam. S24/1985

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

March 26, 1987

MICHAEL F. ROSS, ESQ., Assistant Attorney General, St. Croix, U.S.V.I., *for petitioner*

WARNER ALEXANDER, ESQ., St. Croix, V.I., *for respondent*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter came before the Court on a petition filed by the Government of the Virgin Islands ex relatione: Miriam Lloyd on behalf of her daughter Carmella Lloyd. The petition sought to establish that the respondent, Clive Malone, was the father of Nattoya Akisha Lloyd, who was born on October 30, 1985, to Carmella Lloyd. The Government also sought an order of the Court requiring the respondent to contribute to the support and maintenance of the child.

After hearing the evidence presented by both parties and making findings of fact and conclusions of law, this Court concluded that the Government had failed to meet its burden of proof and dismissed the petition. In doing so, however, the Court improperly took judicial notice on three separate occasions and the District Court Appellate Division vacated the Judgment and remanded the cause for this Court to make new findings of fact and conclusions of law based on the record and consistent with the Appellate Division Opinion.

After reviewing the record, this Court makes essentially the same findings. However, after discounting the errors which were made, the Court reaches a conclusion contrary to its previous one and finds that the respondent is the father of the child, Nattoya Akisha Lloyd.

The testimony of Carmella Lloyd was that she engaged in sexual intercourse with the respondent on at least two occasions, once in 1983 which was not disputed and again on February 6, 1984. The respondent vehemently denied having sexual intercourse with Carmella on February 6, 1984, or anytime other than in 1983. According to the respondent, the only time that he ever even spoke to Carmella was on that one evening in 1983 when they engaged in sexual intercourse.[1]

---

[1] The Court finds this to be totally unbelievable, however, the burden rests on the Government to prove its case by a preponderance of the evidence. See 16 V.I.C. § 303.

There is nothing in the record that could possibly support a finding that Carmella had sexual relations with anyone other than the respondent during the time that conception ·of the child was possible. In fact, Carmella's testimony was that the respondent was the only person with whom she ever had sexual relations.

As was stated earlier, the child was born on October 30, 1984. The Court finds as a fact that Nattoya Akisha Lloyd was a full-term baby. It is no wonder then that the February 6, 1984, date becomes so crucial, since it was about this time that the child was conceived.[2]

How did Carmella know she became pregnant on or around February 6, 1984? That was the date upon which she stated her monthly menstrual cycle normally commenced. This Court originally felt that Carmella's testimony was in many instances vague, evasive and unresponsive and chose to give the testimony literally no weight. However, because Carmella's testimony was undermined by two of this Court's findings which were in error and are now discounted, the Court feels compelled to give that testimony more weight than was previously given.

■ Even though under the law of the Virgin Islands, the unsupported testimony of the mother in paternity proceedings, if believed, is sufficient to establish by a preponderance of the evidence the paternity of the named father, Government v. Prince, 9 V.I. 47, 51 (Terr. Ct. St. T. and St. J. 1971), we cannot conclude that Carmella's testimony is sufficient to establish paternity in this case. At best, the Court finds the scales to be equally balanced.

In order for the Government to prevail, there must be other evidence in the record that adequately corroborates the testimony of Carmella. That crucial evidence is the testimony of the Biochemist, Mr. Raoul Ramirez, who conducted the human leukocyte antigen (HLA) blood test and the results of the test and which were admitted into evidence. Mr. Ramirez was qualified as an expert witness by the Government. He testified that he drew blood from Clive Malone, Carmella Lloyd and Nattoya Akisha Lloyd. It was the expert opinion of Mr. Ramirez that based on the results of the HLA blood test which he performed, there was a 99.2

---

[2] The normal period of gestation, according to the consensus of medical authority, is approximately 9 calendar months, 10 lunar months, or 280 days, calculated from cessation of the last menstruation. Schatkin, Disputed Paternity Proceedings, 4th ed. (1980).

percent probability that Clive Malone was the father of Nattoya Akisha Lloyd.

■ Before determining what weight should be given to this evidence, this Court has found that with growing frequency, a large number of jurisdictions recognize the HLA blood test as reliable evidence of paternity. See generally Annot., 37 A.L.R.4th 167 (1985) (footnotes omitted). The result of the HLA blood test is not conclusive evidence of paternity, but is evidence similar to any other evidence to be utilized by the fact-finder in making its determination. In re E. G. M., 647 S.W.2d 74, 78 (Tex. App. 4 Dist. 1983). This type of evidence clearly has probative value on the issue of paternity.

■ The Court finds that the expert testimony of a high probability of paternity in the case sub judice sufficiently corroborates the testimony of Carmella and tips the balance ever so slightly in favor of the Government. For a very similar result, see In re E. G. M., supra.

Thus, the Court finds that the respondent, Clive Malone, is the father of the child, Nattoya Akisha Lloyd and will set a date for a hearing to determine the amount of support that the respondent is to provide for the child.

## ORDER

IN ACCORDANCE with the Memorandum Opinion filed on even-date herewith, it is

ORDERED, ADJUDGED AND DECREED that the respondent, Clive Malone, is the father of Nattoya Akisha Lloyd, born October 30, 1984, to Carmella Lloyd; it is further

ORDERED, ADJUDGED AND DECREED that this matter be set down for a hearing to determine the amount of support that the respondent, Clive Malone, is to provide for Nattoya Akisha Lloyd.