**AUGUSTIN AUGUSTIN, Plaintiff**

**v.**

**LEA MARQUIS AUGUSTIN, Defendant**

Fam. No. D194/94

Territorial Court of the Virgin Islands

Div. of St. Croix

October 20, 1996

ALBERT J. MEADE, ESQ., F'sted, St. Croix, U.S.V.I., *for Plaintiff*

ESZART A. WYNTER, SR., ESQ., Frederiksted, St. Croix, U.S.V.I., *for Defendant*

STEELE, *Judge*

9

## MEMORANDUM OPINION & ORDER

This matter appears before the Court on the parties' three motions; defendant's Motion for Reconsideration and to Preclude DNA Testing, Motion to Dismiss for lack of standing, and plaintiff's Motion to Compel DNA Testing. The essence of this contentious matter centers upon the parties' polar interpretation of 19 V.I.C. § 833(a), which raises the issue of whether a putative father has standing to compel his wife to submit to DNA testing to determine paternity.

## FACTS

The sensitive issues inherent in family proceedings, and especially paternity proceedings, counsel for strict confidentiality. Accordingly, the names of the children herein will be represented only by the first initials of their respective names.

On January 5, 1987, plaintiff-husband, Augustin Augustin, married defendant-wife, Lea Marquis Augustin. The marriage produced one child, O.A, on September 28, 1991; though, three additional children were born to the couple prior to their marriage. On August 21, 1994, plaintiff instituted legal proceedings to dissolve the marriage.

On August 25, 1994, plaintiff, before an administrative hearing officer of the V.I. Department of Justice Paternity and Child Support Division, acknowledged paternity of three of the couple's children, M.A., O.A., and N.A. The acknowledgment, titled "Stipulated Acknowledgment of Paternity and Temporary Support Order," hereinafter "Agreement," ordered plaintiff-husband to pay $100 per week in temporary support. Further, the agreement set a hearing for December 29, 1994, to determine permanent support.

On December 29, 1994, plaintiff-husband, alleging infidelity and extra-marital relations by his wife, filed motion to vacate his acknowledgment of paternity of two of the couple's children, O.A. and M.A., and requested that defendant-wife submit to DNA testing to establish paternity. On January 13, 1995, the administrative hearing officer granted plaintiff's motion, on the basis of the officer's lack of jurisdiction to order blood testing. On February 12, 1995, a Stipulation Regarding Paternity Testing and Results was

signed by plaintiff and the assistant attorney general, requiring the parties to submit to DNA testing.

Subsequently, on January 18, 1996, plaintiff filed yet another motion to compel defendant to submit herself to DNA testing to determine paternity of the couple's children M.A. and O.A. This Court granted the motion, and ordered defendant to submit herself to testing. Defendant countered, urging this court to vacate the court's order. Plaintiff submitted a motion in opposition urging the court to deny defendant's motion, and order that defendant provide a blood sample for DNA testing. Thereafter, defendant filed a motion to dismiss on the ground of lack of standing.

### DISCUSSION

This matter raises the issue of whether 19 V.I.C. § 833(a) permits standing by plaintiff-father to demand his defendant-wife to submit to DNA testing to determine the paternity of two of the couple's children.

### A. Background

The issue of spousal standing in paternity determination proceedings is nothing novel before this Court. *See Clark v. Clark*, Family No. D35/93, (Terr. Ct. Div. of St. Croix 1993), *In re Sylvie Alison*, Fam. No. C18/83, (Terr. Ct. St. Croix 1983), *Phaire v. Phaire*, 17 VI 236 (Terr. Ct. 1981), *Government of the Virgin Islands v. A.P.*, S160/1994 (Terr. Ct. Div. of St. Croix 1994). Paternity proceedings are governed by 19 V.I.C. § 833, *Presumption of Legitimacy*, which provides in part:

> A child born to a mother who is legally married is considered legitimate unless evidence to the contrary is presented. It is *presumed* that the husband is the father of the child and should be so stated unless [1] the mother gives information to the contrary *or unless paternity has been established through* [2] *court action* or through an [3] affidavit of paternity.

19 V.I.C. § 833(a). (Emphasis and Brackets supplied).

■ The provenance of the legitimacy presumption, as set forth in section 833(a), is deeply rooted in traditional common law and

11

public policy. Its purpose is to preclude the stigmatic shadows of illegitimacy from falling upon children of wedlock.[1] That presumption holds that a child conceived during a marriage, although born after the parents have been divorced, is legitimate. *Phaire v. Phaire*, 17 V.I. 236, 241 (Terr. Ct. Div. of St. Croix 1990) (citing *Eisenberg v. Eisenberg*, 160 A. 228, 230 (Pa. Super. Ct. 1932)). Further, the presumption enunciated in section 833(a) functions as an evidentiary device to shift the burden of coming forward with evidence of illegitimacy upon the spouse challenging the legitimacy of a child. *Id.* at 242 (citing *Coffman v. Coffman*, 591 P.2d 1010, 1011 (Ariz. Ct. App. 1975)); *see also* 5 V.I.C. §§ 811, 812 (defining presumptions, and explaining the effect of presumptions as an evidentiary shifting device).

Hence, the presumption of section 833(a) is not intended to foreclose a spouse's ability to challenge the legitimacy of a child. If such were the case, then the presumption of section 833(a) becomes a substantive rule of law, and not a presumption.[2] *See* 5 V.I.C. § 812 (distinguishing between the evidentiary effects of a "presumption," and a "conclusive or irrefutable presumption").

■ As a presumption is inherently rebuttable, section 833(a) offers three procedural devices for rebutting the presumption of legitimacy. One such device is a "court action." In a court action or proceeding, the spouse challenging the legitimacy of a child born during a marriage is saddled with the burden of proof, requiring the challenging spouse to posit competent evidence in support of his or her claim. *See Phaire*, 17 V.I. at 242 (holding that the presumption of legitimacy shifts the burden of persuasion to the putative father to establish that he did not father the child).

---

[1] This common law tradition was adduced by the U.S. Supreme Court in *Michael H. v. Gerrard D.*, 491 U.S. 124, 125 (1989), which held "the presumption of legitimacy was a fundamental principle of common law." "The primary policy rationale underlying the common law's severe restrictions on rebuttal of the presumption appears to have been an aversion to declaring children illegitimate." *Id.*

[2] Distinguishing between a "presumption" and a "conclusive or irrebuttable presumption" in paternity proceedings, the Supreme Court in *Michael H., supra,* noted "the conclusive presumption is actually a substantive rule of law based upon a determination by the Legislature as a matter of overriding social policy, that given a certain relationship between the husband and wife, the husband is to be held responsible for the child, and that the integrity of the family unit should not be impugned." *Id.* at 119, 120.

The types of evidence available to rebut the legitimacy presumption run the gamut. *See Figueroa v. Juvenile Court*, 595 P.2d 223,224 (CO. 1979). The court's task is to examine the probity of the evidence, weigh the evidence, and decide whether the evidence is sufficient to rebut the evidentiary presumption. *See Phaire*, 17 V.I. at 242. In today's paternity determination proceedings, scientific evidence, more specifically DNA or HLA testing, rank as one of the most demonstrative evidence of paternity, or lack thereof. *See Jones v. Robinson*, 329 S.E.2d 794, 798 (Va. 1985) (noting that "the HLA system can be used to establish a significant probability of paternity").

The preciseness and profound acceptance of DNA or HLA testing in today's American courts is reflected in many States' paternity statutes as admissible evidence for rebutting the presumption of legitimacy in paternity proceedings. *Jones*, 329 S.E.2d at 797,798; *see also Buckland v. Commonwealth*, 329 S.E.2d 803 (Va. 1985). As with other States, the Territories also allow DNA or HLA test results in paternity proceedings to rebut the presumption of legitimacy. *See Government of the Virgin Islands v. Malone*, 23 VI 11 (Terr. Ct. 1987).

## B. Plaintiff has standing to compel DNA testing under section 833(a).

Drawing upon the principles stated thus far, and upon this Court's anatomy of the parties briefs, we find resolution of the instant matter best achieved by addressing the argument propounded by defendant.

Defendant argues that 19 V.I.C. § 833 precludes standing by plaintiff to compel defendant to undergo blood testing. Defendant's basis underlying such argument is twofold. First, defendant argues that paternity proceedings discriminate against children of a marriage in that it bastardizes them, and thus is contrary to the Equal Protection Clause and the Fourteenth Amendment. Second, defendant submits that even if plaintiff has standing to challenge paternity the presumption of legitimacy could only be overcome by evidence of sterility, impotency, or non-access to the wife. The court addresses both propositions in the order stated above.

In support of her first argument, defendant relies heavily on the U.S. Supreme Court case of *Michael H. v. Gerrard D.*, 491 U.S. 110

13

(1989). We find *Michael H.* neither apposite nor relevant to the case sub judice due to its polar facts. If anything, it supports plaintiff's position. However, due to the manner in which defendant relies on it, we find it somewhat necessary to provide some discussion of its influence, if any exists, upon the instant case.

*Michael H.* deals with the constitutionality of a California paternity statute that precludes a person, other than a spouse, from challenging the legitimacy of children born in wedlock. In *Michael H.*, the plaintiff commenced an adulterous affair with the wife of defendant, which resulted in a child. Thereafter, plaintiff sought to determine paternity under a California paternity statute to obtain parental rights, arguing that an adulterous natural father has such a constitutional interest in establishing parental relations with his adulterine child that he should be allowed to establish paternity. The U.S. Supreme Court, in a comprehensive opinion of temporal significance, examined the traditional public policy and common law concerns of allowing persons to challenge the legitimacy of children, but noted the recent marked changes of society's continuously changing perceptions of illegitimate children. *Michael H.* 491 U.S. at 125, 126.

The Supreme Court, rejecting plaintiff's argument of having standing to determine paternity, noted that the purpose of California's paternity statutes is to enable a husband and wife, and not an outsider, to rebut the presumption of legitimacy where evidence to the contrary warrants so, and only under three narrowly defined circumstances. *Id.* at 117, 118. Further, the Supreme court, noting the California statute's evidentiary vehicles available to a spouse to rebut legitimacy, concluded that the California statute was not, in essence, a presumption, but a substantive rule of law cloaked under the covers of irrebuttable or conclusive presumption. Further, in recognizing California's legislative interest to disallow outsiders from challenging the legitimacy of children born in wedlock, the Supreme Court held that California's statute did not violate plaintiff's procedural and substantive due process rights, nor plaintiff's equal protection rights. Examining the foregoing Supreme Court holding, we find *Michael H* is of no persuasive relevance or application to the instant case.

Here, plaintiff, unlike in *Michael H.*, is not an outside party seeking to pierce the sanctity of defendant-wife's marriage; rather,

he is the husband of the defendant. Plaintiff is simply seeking what the plain language of the 19 V.I.C. § 833(a) here allows him to do: ascertain whether or not he is the real father. Further, plaintiff seeks to rebut the presumption of section 833(a) through precise and persuasive admissible scientific evidence in the form of DNA testing.

We now turn to defendant's second argument. Defendant urges this court to view the presumption in section 833(a) as an irrebuttable presumption, or, in the alternative, a presumption that can only be rebutted by evidence of non-access, sterility, or impotency, and only under the "clear and convincing" evidentiary standard of proof; such as that of the California paternity statute. Defendant's argument is erroneous, as the express language of section 833(a) is not restrictive as to the types of admissible evidence, making section 833(a) sufficiently broad to allow any probative and competent evidence to be considered by the Court.

Further, the intentional exclusion of any language requiring the application of such evidentiary standards as preponderance of the evidence, clear and convincing, or beyond the reasonable doubt is indicative of a legislative intent to allow for broad judicial discretion in paternity proceedings. *See* 19 V.I.C. § 833(a); *see also* 5 V.I.C. §§ 811, 812. Accordingly, we conclude that the spirit of section 833(a) inheres broad Court discretion in weighing the credibility of evidence, and in applying the proper standard of proof based on the unique facts of each case. *See Phaire*, 17 V.I. at 241, 242.

Last but not least, in examining Territorial Court precedents, we find defendant's argument inconsistent with the holding of *Clark v. Clark*, Fam. No. D35/93, (Terr. Ct. Div. St. Croix 1993).

In *Clark*, plaintiff-wife sought to declare her son a non-child of the marriage between her and defendant-husband. Plaintiff, by motion, sought to compel defendant to provide a blood sample to determine paternity. Defendant challenged, on the grounds that V.I. laws and public policy preclude attacking the legitimacy of a child born during wedlock; an argument basically identical to the argument propounded by defendant in the instant case. The *Clark* court, rejecting defendant's argument, held that a fair reading of 19 V.I.C. § 833(a) evinces a legislative intent to allow for the rebuttal of the legitimacy presumption by a spouse in court proceedings.

15

Additionally and relevantly, *Clark* invoked the corollary Best Interest of the Child doctrine; holding fundamental, the right of a child to know with absolute certainty his parentage; and that "consanguinity information could be of vital interest, even importance, to [the son's] sense of identity and well being . . . ." *Clark*, Memorandum Opinion at 5.

In sum, this court is not persuaded by defendant's argument as it is contrary to the Territorial Court's precedents, and the express language of section 833(a).

## C. In re Sylvie Alison is inapposite to the instant case.

Defendant, in her subsequent motion to dismiss for lack of standing, urges this court to simply dismiss plaintiff's motion to compel testing based solely on the holding of *In re Sylvie Alison*, C18/1983 (Terr. Ct. Div. St. Croix 1990). Mindful of the facts and holding in *Sylvie*, we reject defendant's argument.

Defendant argues that the holding of *Sylvie* precludes standing by plaintiff to compel testing. In *Sylvie*, petitioner, whose sexual relations with respondent's wife resulted in a child, sought to determine paternity. The *Sylvie* court, per Judge Finch, citing the case of *Michael H*, supra, and the express language of 19 V.I.C. § 833, held that petitioner, as an outsider, is precluded from asserting a paternity action against the child of a couple born in wedlock. Concluding the facts and holding of *Michael H.* apposite, the *Sylvie* court denied petitioner standing to challenge paternity.

■ In the instant case, and once again, plaintiff is not an outsider attempting to disrupt the harmony and sanctity of defendant's marriage. Rather, he is the husband. Accordingly, the policy considerations underlying section 833, regarding bastardization of children born in wedlock, are not triggered, since here, no outsider is attempting to bastardize the children of an ongoing marriage. Consequently, *Sylvie's* factual posture, and thus legal holding, is inapposite to the instant case.

Separately, this court disagrees with *Sylvie's* interpretation of 19 V.I.C. § 833(a), and finds it an opportune moment to reexamine the foregoing interpretation. In American jurisprudence, the doctrine of stare decisis compels a court to follow its precedents to maintain stability and consistency in the legal field. In keeping with this

venerable legal doctrine, this Court finds the interpretation of 19 V.I.C. § 833(a), as held in *Sylvie*, inconsistent with the Territorial Court's long line of cases interpreting section § 833(a), and thus violative of stare decisis. *See Clark v. Clark, Government of the Virgin Islands v. A.P.,* and *Phaire v. Phaire*, supra.

In *Sylvie*, 19 V.I.C. § 833(a) is interpreted as allowing the natural mother standing to establish paternity, with the father's standing to challenge paternity reserved only to probate proceedings. The *Sylvie* court obtains this seeming interpretation based on a "statutory scheme" composed of 16 V.I.C. § 291, 15 V.I.C. § 84 and 19 V.I.C. § 833. According to this "statutory scheme," a father may rebut legitimacy only in probate proceedings, under 15 V.I.C. § 84. In light of the analysis above, and the line of Territorial Court precedents interpreting 19 V.I.C. § 833, we find the *Sylvie* interpretation of 19 V.I.C. § 833 incongruent.

A careful reading of the three statutes that comprise the *Sylvie* "statutory scheme" reveals no indication whatever of a legislative intent to cause an interdependence of these statutory sections; nor a legislative intent to reserve the "court action" of 19 V.I.C. § 833(a) solely to probates. To interpret 19 V.I.C. § 833 so narrowly, when the express statutory language is so broad and clear, is to misconstrue the statute's purpose. This court, having found no basis in the language of the *Sylvie* opinion to substantiate its interpretation of 19 V.I.C. § 833(a), nor any other Territorial Court's decision supporting such analysis, hereby denies the authority of this interpretation. Accordingly, we admonish members of this bar from relying upon the *Sylvie* interpretation of section 833(a) in paternity proceeding matters.

## IV. Conclusion

A fair and logical reading of 19 V.I.C. § 833 evinces a legislative intent to allow a husband or wife in paternity proceedings to bring forth evidence to rebut the presumption of legitimacy the law places upon children of wedlock. To interpret section 833(a) as an irrebuttable presumption, or a presumption subject to rebuttal only upon evidence of sterility, impotency, or non-access is

17

to stifle the statute's purpose. Though this court encourages creative advocacy, it does not permit new inventions of statutory interpretations predicated upon non-extant statutory language.