504 A.2d 353

**Barbara A. SHINDEL, Appellee,**

v.

**Richard F. LEEDOM, Appellant.**

**Barbara A. SHINDEL, Appellant,**

v.

**Richard F. LEEDOM, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1985.

Jan. 31, 1986.

276

John R. Kelsey, III, Lebanon, for appellant (at No. 26) and appellee (at No. 27).

Kenneth C. Sandoe, Myerstown, for appellant (at No. 27) and appellee (at No. 26).

Before ROWLEY, OLSZEWSKI and MONTEMURO, JJ.

OLSZEWSKI, Judge:

This appeal and cross-appeal are the result of a lower court decision awarding Barbara Shindel $20 a week child support for her thirteen year old son. Because of the nature of the issues raised, a recitation of the facts are necessary.

On September 6, 1972, Ms. Shindel gave birth, out-of-wedlock, to a boy. One month later, Richard Leedom signed a petition for support order. Although not accompanied by counsel, the seventeen year old was accompanied by his

mother, who witnessed his signature on the petition. A clause in that petition stated that Mr. Leedom was aware of his rights, had been *Mirandized*, and waived these rights. Various orders and petitions were entered by the court concerning these parties' obligations and for four years, Mr. Leedom made support payments. Support was voluntarily terminated by Ms. Shindel in September of 1976. No other action was taken until January 1984 when Ms. Shindel again petitioned for support. For the first time in twelve years, Mr. Leedom denied paternity. A domestic relations officer recommended support in the amount of $45 a week but the lower court ordered child support payments of $20 a week. Ms. Shindel appeals this order and asks for an increase to $45 a week. Mr. Leedom, in turn, cross-appeals and denies paternity. The cross-appeal further alleges that the action by Ms. Shindel is barred by the Statute of Limitations. Because the issue of paternity must be resolved before we can decide the propriety of the support award, we will discuss the issues of the cross-appeal first.

Mr. Leedom argues first that the cause of action is barred by the Statute of Limitations found in 42 Pa.C.S.A. Sec. 6704(b).[1] Ancillary to that is Mr. Leedom's argument that the doctrine of *res judicata* does not prevent him from raising the issue of paternity.

It is well established that a final, valid judgment precludes further litigation of the same issue by the same parties. Where a reasonable opportunity has been afforded to the parties to litigate a claim before the court and the court has finally decided the controversy, the interests of the state and of the parties require that the validity of the claim and any issue actually litigated shall not be litigated

1. **(b) Limitation of actions.**—All actions or proceedings to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action or proceeding may be commenced at any time within two years of any such contribution or acknowledgement by the reputed father.

again. *Haines Industries, Inc. et al. v. City of Allentown,* 237 Pa.Super. 188, 355 A.2d 588 (1975). *See also, Williams v. Murdoch,* 330 F.2d 745 (3d Cir.1964); Restatements of Judgments, Sec. 1. In addition, before the doctrine of *res judicata* will apply, there must be: (1) identity of the thing sued on or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Oak Lane Shopping Center, Inc. v. Flame,* 264 Pa.Super. 9, 398 A.2d 721 (1979).

■■■ A careful review shows that Mr. Leedom was conclusively determined to be the father of Ms. Shindel's child. As this court has previously held, an order for support of an illegitimate child necessarily determines the issue of paternity. Absent an appeal taken directly from the order, the aggrieved party may not challenge this determination. The issue of paternity is established as a matter of law. *Commonwealth ex rel. Nedzwecky v. Nedzwecky,* 203 Pa.Super. 179, 199 A.2d 490 (1964); *Commonwealth ex rel. Palchinski v. Palchinski,* 253 Pa.Super. 171, 384 A.2d 1285 (1978); *Armstead v. Dandridge,* 257 Pa.Super. 415, 390 A.2d 1305 (1978). Furthermore, Mr. Leedom's plea of guilty to paternity, settled the issue rendering it closed for future proceedings. *Norris v. Beck,* 282 Pa.Super. 420, 422 A.2d 1363 (1980). As noted above, several support orders were entered over a four year period in which Mr. Leedom freely complied with the orders to pay. Had he any doubt as to his fatherhood, that was the proper time to appeal. He did not. As a result, Mr. Leedom's challenge to paternity must fail.

■■ We also find Mr. Leedom's statute of limitations argument meritless. Merely because Ms. Shindel voluntarily terminated support for a number of years does not mean Mr. Leedom is relieved of his financial obligations. Having determined that he is the father, he has a duty of support. The original action for support was well within the former two year statute of limitations. At that time, paternity was established. A strict interpretation of the statute bars only

those actions brought to determine paternity. Since the action before us now is not one of paternity, that issue having been previously decided, but is an appeal of a support award, we find that the statute of limitations in 42 Pa.C.S.A. Sec. 6704(b) does not apply.

Having disposed of the cross-appeal, we turn now to the dispute as to the amount of the award. The essence of Ms. Shindel's argument is that the lower court abused its discretion in setting the amount of child support at $20 a week. To bolster her argument, Ms. Shindel cites several cases in which support payments were in excess of the amount awarded to her. Mr. Leedom, on the other hand, cites the facts of this particular situation as a basis for upholding the award. After due consideration of all the factors involved, we agree that the lower court award was reasonable and should not be disturbed.

■ To begin, we must note that it is well settled that we cannot disturb a lower court's order of support absent a clear abuse of discretion or law. *Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562, 429 A.2d 665 (1981); *Commonwealth ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981). A finding of such abuse is not lightly made and must rest upon a showing of clear and convincing evidence. The lower court must be upheld on any valid ground. *Straub v. Tyahla,* 274 Pa.Super. 411, 418 A.2d 472 (1980).

■ Support of a minor child is the equal responsibility of both parents. The amount contributed by each parent will be determined by their ability and capacity to pay. All income, from whatever source, is to be evaluated as well as financial resources and property interests as of the time at which support payments are sought. *Straub v. Tyahla,* supra; *Commonwealth ex rel. Hagerty v. Eyster, supra.* Of equal interest to the support determinations are the parties' expenses. The award must be fair and not confiscatory and must make allowance for the reasonable living

expenses of the parent. As always, the support order must be in the best interest of the child.

These well established rules, developed over the years, have been incorporated into a set of guidelines in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). The court then devised a complex formula to determine a proper support award. A necessary component of the formula is parental income available for support arrived at from income and expenses. Without this income available for support, the *Melzer* formula cannot be applied.

The trial court, after reviewing financial statements and listening to testimony regarding income and expenses, found that there was no parental income available for support. Therefore, the *Melzer* formula was not used. The trial court did, however, take under deliberation all of the other necessary considerations required to determine a support order. As such, we find no abuse by the lower court, neither in its final award amount nor in the method of its determination.

In summary, the lower court decisions are to be affirmed on both the appeal and the cross appeal.