## Findlay v. Findlay

C.P. of Montgomery County, no. 96-07048, 02560PHL96 and D.R. 68169.

*Jennifer L. Hekking,* for plaintiff.
*Howard B. Zavodnick,* for defendant.

LAWRENCE, *J.,* September 9, 1996—This appeal stems from the court's order of June 24, 1996 denying Mr. Findlay's petition to vacate the registration of a foreign support order and preliminary objections to the order. The Findlays were married in 1983 and divorced in 1993. There was one child of the marriage, Alice, although Mr. Findlay asserts that he is neither her biological nor her adoptive father. The action is based on a property settlement agreement reached by the parties in Japan on December 31, 1990 and reduced to an order three years later in the High Court of Justice, Principal Registry of the Family Division, London, England. The agreement provided for distribution of marital assets and alimony and child support for the daughter, Alice.

Mr. Findlay currently resides in Montgomery County, Pennsylvania; Mrs. Findlay resides with Alice in London. She registered the alimony and child support provisions of the agreement in Montgomery County on October 8, 1995 pursuant to 23 Pa.C.S. §4540 of the Revised Uniform Reciprocal Enforcement of Support Act. A hearing was held before the undersigned on June 5, 1996 at which counsel for the parties appeared. Following this hearing, the court confirmed the registration.

Mr. Findlay objects to the order's registration on several grounds. He first asserts that this court lacks subject matter jurisdiction, an issue he claims has been

resolved in his favor in a previous action filed by Mrs. Findlay (no. 94-03740) in which she sought to enforce the same order under a breach of contract theory.

The rule of collateral estoppel prevents relitigation of issues of fact or law actually litigated and determined by a valid and final judgment in the first action. *Lebeau v. Lebeau,* 258 Pa. Super. 519, 393 A.2d 480 (1978). Although Mr. Findlay filed preliminary objections raising lack of subject matter jurisdiction in the prior litigation, these objections were never decided prior to Mrs. Findlay's withdrawal of the action. The court finds that the doctrine of collateral estoppel is not applicable in the matter at bar.

Jurisdiction over the matter is vested in this court pursuant to RURESA. Under RURESA, a foreign support order registered in Pennsylvania has the same effect and deserves the same treatment as a support order issued by a Pennsylvania court. 23 Pa.C.S. §4540(a). RURESA does not limit itself to states, territories or possessions of the United States. It also extends to orders from "any foreign jurisdiction in which this or a substantially similar reciprocal law is in effect." 23 Pa.C.S. §4502. RURESA requires the Department of Public Welfare to maintain a list of those foreign states which have jurisdiction under RURESA. In Pennsylvania, the Bureau of Child Support Enforcement of the State Department of Public Welfare has confirmed from the foreign attorney general in England that Pennsylvania is recognized as a reciprocating state in that country. See *Pennsylvania Family Lawyer* vol. IX, no. 5 at 55-59 (November-December 1989) "International Enforcement of Family Support: The View from Pennsylvania."

Under RURESA, Mr. Findlay can raise the same defenses as if it were a Pennsylvania support order.

While the sole objection raised in his petition was to the lack of subject matter jurisdiction, he raised a myriad of issues at the hearing, none of which have merit, for the following reasons.

He contends the order submitted to the domestic relations office was not certified by the foreign court. Inasmuch as Mr. Findlay has failed to make a copy of the order a part of the record, this issue has not been properly preserved. Nevertheless, this issue has no merit; at the hearing, counsel for Mr. Findlay did not point to any portion of the order that was inaccurate.

He also claims he is not obligated to support the minor child following divorce from the child's preadoptive mother where there was no biological or adoptive father-child relationship. The court stated on the record that it did not find that issue relevant, as Mr. Findlay has held himself out as Alice's father from the time the agreement was executed and has not renounced paternity or his parental obligation until now. A support order is necessarily premised on the existence of a parental relationship giving rise to a duty to support. As Pennsylvania appellate courts have repeatedly held, a support order necessarily determines the issue of paternity. *Shindel v. Leedom,* 350 Pa. Super. 274, 504 A.2d 353 (1986). *Commonwealth ex rel. Palchinski v. Palchinski,* 253 Pa. Super. 171, 384 A.2d 1285 (1978); *Commonwealth ex rel. Nedzwecky v. Nedzwecky,* 203 Pa. Super. 179, 199 A.2d 490 (1964). To challenge paternity, an appeal must be taken directly from the support order itself. Absent any appeal, the issue of paternity is established as a matter of law. *Shindel, supra.*

Mr. Findlay is precluded from litigating his duty to support the child by his delay in raising this issue and by his acceptance and support of the child during that

time. Having entered into a property settlement agreement in 1990 in which he chose to support the minor child, and that agreement having been reduced to an order of court in 1993, Mr. Findlay cannot repudiate the obligations which their assumed relationship would otherwise impose. *Chrzanowski v. Chrzanowski,* 325 Pa. Super. 298, 472 A.2d 1128 (1984).

The court was also mindful that remedies in RURESA are "in addition to and not in substitution of any other remedies." 23 Pa.C.S. §4503. Thus, foreign orders of spousal and child support may also be recognized in Pennsylvania under the common law doctrine of comity between nations. In recognizing an adoption decree from Greece, the Pennsylvania Supreme Court has stated:

"When an action is brought in a court of this country, by a citizen of a foreign country against one of our own citizens . . . and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties, and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record, the judgment is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the [matters] tried in the foreign court, unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice, or that, by the principles of international law, and by the comity of our own country, it should not be given credit and effect." *Christoff Estate,* 411 Pa. 419, 423, 192 A.2d 737, 739 (1963), *cert. denied,* 375 U.S. 965 (1964).

Relying on this rationale, Judge Brosky recently ruled that a family support order from Yugoslavia "could potentially be enforced in Pennsylvania courts by either

of its beneficiaries . . . ." *Drakulich v. Drakulich,* 333 Pa. Super. 273, 277, 482 A.2d 563, 565-66 (1984).

Here, the United Kingdom had jurisdiction of both the subject matter and the parties in entering the order. (See paragraph 23 of the agreement.) The record indicates that both parties appeared in the action in England, indeed, Mr. Findlay was the petitioner in that court. Further, there is no evidence to indicate that the order was obtained by fraud or prejudice.

There is strong support in other jurisdictions for this court's action to allow the registration and enforcement of the foreign order. In *Wolf v. Wolf,* 40 Md. App. 168, 389 A.2d 413 (1978), *aff'd,* 285 Md. 185, 401 A.2d 479 (1979), the court held that an English divorce decree, including the provisions dealing with alimony, was subject to recognition under "general principles of comity." See also, *Schwarcz v. Zik,* 273 N.J. Super. 78, 640 A.2d 1212 (1993).

The court recognizes that comity is not an absolute right. As stated by the Third Circuit in applying Pennsylvania law:

"Comity is a recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another. It is not a rule of law, but one of practice, convenience, and expediency. Although more than mere courtesy, comity does not achieve the force of an imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect." *Somportex Ltd. v. Philadelphia Chewing Gum Corp.,* 453 F.2d 435, 440 (3d Cir. 1971).

Here, no special reasons appear to warrant the denial of recognition of the foreign order, moreover, enforcement of child support and alimony is clearly in accord with the public policy of Pennsylvania. The court was justified in denying the petition to vacate and overruling the preliminary objections, and the undersigned respectfully requests that the order of June 24, 1996 be affirmed.