J-S75032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TRICIA A. KLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD R. GEIGER, JR., | : | |
| | : | |
| Appellant | : | No. 1073 EDA 2016 |

Appeal from the Order entered March 7, 2016
in the Court of Common Pleas of Northampton County,
Domestic Relations Division, No(s): DR-116715 PACSES 14510478

BEFORE: BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 05, 2016**

Edward R. Geiger, Jr. ("Geiger"), appeals from the March 7, 2016 Order (hereinafter the "Support Order"), which made final a prior Order requiring him to pay child support, in the amount of $232 per month, to Tricia A. Klinger ("Klinger"), the mother of Geiger's minor child. We affirm.

The trial court thoroughly set forth the relevant factual and procedural history, which we adopt herein by reference. **See** Trial Court Opinion, 5/26/16, at 1-8.

In this timely appeal, Geiger presents the following issues for our review:

A. Whether the trial court committed an abuse of discretion and/or error of law by failing to enter a written order consistent with the trial court's specific decision stated at [the] conclusion of the [January 27, 2016] *de novo* hearing [(hereinafter "the *de novo* hearing")], including that the support matter would be dismissed, the trial court would direct [Domestic Relations Office ("DRO")] case workers to contact [Klinger], and if [Klinger] intended to pursue the

matter, the case would be relisted for a conference/hearing, and[,] instead, denied [Geiger's] *de novo* request for [a] hearing?

B. Whether the trial court committed an abuse of discretion and/or error of law by failing to deny and dismiss the support Petition in response to the multiple and cumulative arguments of [Geiger,] where [he] argued that the support matter was improperly commenced[,] in violation of Pa.R.C.P. [] 1910.3; that there was no evidence of a substantial change in his earning[] capacity; that, absent such evidence of a change, *res judicata* barred the re-litigation of his earning[] capacity; and further, that the trial court should have compelled [Klinger's] attendance (in some form) at the [*de novo*] hearing?

C. Whether the trial court committed an abuse of discretion and/or error of law by failing to conduct a full and fair *de novo* hearing as required by Pennsylvania law and the Rules of Civil Procedure?

D. Whether the trial court committed an abuse of discretion and/or error of law by making findings and conclusions of law where no testimony or facts of record exist to support the trial court's determinations regarding [Geiger's] and [Klinger's] earnings, as well as [Geiger's] support obligation, and further, by disregarding the prior, uncontradicted findings of the Court of Common Pleas of Carbon County regarding [Geiger's] earning[] capacity and support obligation?

Brief for Appellant at 5 (capitalization omitted).

A parent's financial obligation to his children is absolute, "and the purpose of child support is to promote the child's best interests." **Morgan v. Morgan**, 99 A.3d 554, 557 (Pa. Super. 2014) (citation omitted). We review a child support order for an abuse of discretion. **J.P.D. v. W.E.D.**, 114 A.3d 887, 889 (Pa. Super. 2015); **see also Style v. Shaub**, 955 A.2d 403, 406 (Pa. Super. 2008) (stating that "[t]he trial court possesses wide discretion as

- 2 -

to the proper amount of child support and a reviewing court will not interfere with the determination of the court below unless there has been a clear abuse of discretion." (citation omitted)). Additionally, "[t]he fact-finder is entitled to weigh the evidence presented and assess its credibility[.]" *Samii v. Samii*, 847 A.2d 691, 697 (Pa. Super. 2004) (citation omitted).

In his first issue, Geiger argues that the trial court abused its discretion "where the trial court stated its decision to grant [Geiger's] request at the *de novo* [] hearing, and further, where all counsel agreed with the trial court's decision, and yet, the trial court then issued [the] directly contradictory [Support O]rder denying [Geiger's] request." Brief for Appellant at 11.[1] According to Geiger, at the *de novo* hearing, "the trial court [judge] plainly and unequivocally stated that the existing support case would be dismissed, [and] Northampton [County] DRO would contact [Klinger] to determine whether she wished to proceed with a claim for support against [Geiger.]" *Id.* at 12. Geiger further asserts that "at the conclusion of the … [*de novo*] hearing, the trial court [] stated that [Klinger] would need to file a new petition for support[, to] which [Geiger's] counsel

---

[1] To the extent that Geiger presents other, unrelated arguments under the same subheading of his first issue, *see* Brief for Appellant at 15-16, 19-21, these arguments are not fairly suggested by the Statement of Questions Involved section of Geiger's brief, nor did he raise them before the trial court. *See* Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal). Accordingly, these arguments are waived. *See id.*

and [Klinger's] counsel agreed." *Id.* at 13. Pointing to the purportedly "contrary" Support Order, however, Geiger challenges "the trial court's failure to adhere to its own decision[, *i.e.*, at the *de novo* hearing,] as well as the agreement of counsel …." *Id.* at 14.

In its thorough Opinion, the trial court addressed Geiger's claims and determined that they do not entitle him to relief. *See* Trial Court Opinion, 5/26/16, at 12-17. The trial court's cogent reasoning is supported by the record and the law, and we therefore affirm on this basis as to Geiger's first issue. *See id.*

In his connection with his second issue, Geiger asserts several sub-issues, which he summarizes as follows:

i.  [] [T]he support matter was improperly commenced[, *i.e.*, purportedly by Northampton County DRO,] in violation of Pa.R.C.P. Rule 1910.3;

ii.  [] the matter was barred by operation of *Res Judicata* due to the prior determination by the Carbon County Court of Common Pleas' [] regarding [Geiger's] earning[] capacity;

iii.  [] the matter was barred by operation of *Res Judicata* and [Klinger's] abandonment of her prior case in Carbon County;

iv.  [] despite [Geiger] requesting a *de novo* hearing, and the hearing notice requiring both parties to appear, [Klinger] failed to appear. [Geiger's] counsel asserted that [Klinger] abandoned her appeal, and in the alternative, [requested] that the trial court compel [Klinger] to appear;

v.  [] alternatively, there was no evidence of a change in [Geiger's] earning[] capacity from the prior [O]rder of the Court of Common Pleas of Carbon County; [and]

vi. [Geiger] also notes that he may have raised additional arguments had the court conducted a proper *de novo* hearing[, *i.e.*, had the court stated at the *de novo* hearing its intention to "dismiss" Geiger's claim].

Brief for Appellant at 22; ***see also id.*** at 22-28 (expounding upon these claims).

The trial court thoroughly addressed Geiger's second issue in its Opinion, set forth the relevant law, and determined that the issue and each sub-issue lacked merit. **See** Trial Court Opinion, 5/26/16, at 18-27. The trial court's cogent reasoning is supported by the record and the law, and we therefore affirm on this basis concerning Geiger's second issue. **See id.**

In his third issue, Geiger argues that the trial court erred and prejudiced him by failing to conduct a full and fair *de novo* hearing. **See** Brief for Appellant at 29-32. Specifically, Geiger asserts that

by filing for *de novo* review, [Geiger] did not request that the trial court simply review the findings of the hearing officer to determine whether such findings were appropriate; to the contrary, … [Geiger] wanted a full reconsideration (*i.e.*[,] a new hearing) of his case. Yet, the trial court did not conduct a full hearing.

***Id.*** at 31 (citing ***Warner v. Pollock***, 644 A.2d 747, 750 (Pa. Super. 1994) (stating that "[a] *de novo* hearing is full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker[,] and re[-]decides the case." (internal citation and quotation marks omitted)); ***see also*** Brief for Appellant at 31 (pointing out that [Klinger] did not appear at the *de novo* hearing, and asserting that the trial court improperly thereafter

"issue[d] an [O]rder directly and inexplicably contrary to its own decision announced in open court[,]" which, Geiger argues, deprived him of a full *de novo* review. (emphasis omitted)).

The trial court addressed Geiger's third issue in its Opinion, set forth the relevant law, and determined that he was, in fact, afforded a full and fair *de novo* hearing. **See** Trial Court Opinion, 5/26/16, at 28-30; **see also id.** at 24-25. We agree with the trial court's rationale and determination, and thus affirm on this basis as to this issue. **See id.** at 28-30.

Finally, Geiger asserts that,

as argued throughout this [brief], … the trial court committed an error of law and/or abuse of discretion by making findings and conclusions of law where no testimony or facts of record exist to support the trial court's determinations, and further[,] by disregarding the prior, uncontradicted findings of the Court of [C]ommon [P]leas of Carbon County regarding [Geiger's] earning[] capacity and support obligation.

Brief for Appellant at 33.

In its Opinion, the trial court addressed Geiger's final issue, correctly observed that it is "essentially a restatement of several aspects of the previous issues raised[,]" and determined that the issue did not entitle Geiger to relief. **See** Trial Court Opinion, 5/26/16, at 30-31. We agree with the trial court's rationale and determination, and thus affirm on this basis concerning Geiger's final issue. **See id.**

Accordingly, because we discern no error of law or abuse of discretion by the trial court in conducting the *de novo* hearing, or entering the Support Order, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY
## COMMONWEALTH OF PENNSYLVANIA
## DOMESTIC RELATIONS SECTION

| | | |
|---|---|---|
| TRICIA A. KLINGER, | ) | Docket No.: DR-116715 |
| | ) | |
| Plaintiff | ) | PASCES No.: 145101478 |
| | ) | |
| v. | ) | Sup. Ct. No.: 1073 EDA 2016 |
| | ) | |
| EDWARD R. GEIGER, JR. | ) | |
| | ) | |
| Defendant | ) | |

RECEIVED 2016 MAY 26 AM 10:31 NORTHAMPTON COUNTY, PA DOMESTIC RELATIONS SECTION

## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a) STATEMENT

**AND NOW**, this 26th day of May 2016, the Court issues the following statement pursuant to Pa.R.A.P. No. 1925(a):

## PROCEDURAL HISTORY

This matter is currently before the Superior Court on Defendant Edward Geiger's appeal of our Order of Court dated March 7, 2016.

The instant matter originated in Schuylkill County, Pennsylvania and dates back to 2007. Plaintiff, Tricia Klinger, filed her Complaint for the support of one (1) child on June 27, 2007. The matter remained in Schuylkill County, through several modifications, until August 2010, when it was transferred to Carbon County. On July 28, 2011, the Carbon County Court of Common Pleas Domestic Relations Section (hereinafter the "Carbon County Court") entered a Modified Order of Court setting child support for one (1) child, Shawnee D. Geiger, at $120.00 per month plus $25.00 for arrears. *See,* Order of

1

ORIGINAL TO DOCKETING 5/26/2016
SUPERIOR COURT OF PA
HONORABLE PAULA A. ROSCIOLI
JOSEPH V. SEBELIN JR., ESQ.
PLAINTIFF
RUTH VEGA-VELEZ (DRS DIRECTOR)
MAL (2)        MAIL DATE: 05/26/2016

Court, 7/28/2011, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). Arrears as of that date were set at $0.00. *Id.* In calculating the support amount, the Carbon County Court utilized a monthly net income for Defendant of $1,146.04 and Plaintiff's net monthly income of $1,247.57. *Id.*

On March 2, 2015, Defendant filed a Petition for Modification of Child Support. *See*, Domestic Relations Office Hearing Officer's Report, 6/2/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). On March 23, 2015, the Carbon County Court entered an Order terminating support without prejudice, effective 2/26/2015, based upon the fact that Defendant's unemployment benefits had run out, that Defendant was unemployed, and Defendant had no income or assets to warrant a support obligation. *See*, Order, 3/23/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). The Court also noted that Defendant would be placed in the DRS Job Search program. *Id.* Finally, the Court noted that, "[a]s neither parties now reside in Carbon County, defendant's portion shall be transferred to Northampton County." *Id.* Also on March 23, 2015, the Carbon County Court entered an "Order – Work Search and Report" requiring Defendant to participate in the Work Search Program requiring Defendant to report to DRS, as required by DRS, with a list of potential employers he had contacted, submit applications to prospective

2

employers as required by DRS, and to notify DRS in writing within seven days of acquiring a job. *See*, Order – Work Search and Report, 3/23/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). Defendant's first report was due to DRS no later than April 17, 2015. *Id.* Additionally on March 23, 2015, the Carbon County Court entered a "Suspended Order / Non-Financial Order" in which the Court indicated that Defendant's financial obligation was set to zero effective 2/16/2015 because the Defendant was "unable to pay, has no known income or assets and there is no reasonable prospect that the Defendant will be able to pay in the foreseeable future." *See*, Suspended Order / Non-Financial Order, 3/23/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). Any arrears were remitted without prejudice as of February 16, 2015. *Id.* The Carbon County Court indicated as follows:

> The financial obligation is to be reviewed/Conferenced for further determination upon the Defendant attaining employment, income or assets that are available to pay support. The Defendant is ordered to immediately report to the Domestic Relations Section any changes in his/her employment, income, and assets, or Medical capability to return to work. If incarcerated, the defendant must report to the Domestic Relations Section within one week of released from incarceration for further determination of ability to pay support.

*Id.*

3

On April 9, 2015, Plaintiff filed a timely appeal of the Carbon County Court's March 23, 2015 Orders. *See*, Domestic Relations Office Hearing Officer's Report, 6/2/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). A short de novo hearing was held with the parties on May 29, 2015. *Id*. Plaintiff withdrew her appeal of the March 23, 2015 Orders on the record. *Id*. Hearing Officer Diehl noted in her Findings of Fact that "[a]s neither party resides in Carbon County, the case shall be transferred to Northampton County where the Defendant resides. This should aid in enforcement of any future child [support] order which may be entered between the parties." *Id*. at p. 2. On June 2, 2015, the Carbon County Court entered an Order, based upon Hearing Officer Diehl's recommendation, indicating that the "matters pending before this Court have been resolved. The case shall be transferred to Northampton County Domestic Relations Office." *See*, Order, 6/2/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). On July 30, 2015, the Carbon County Court entered an Order stating as follows:

> As all the pending matters have been resolved, this case is currently open as an NFOB (Non-Financial Obligation). The defendant is under a Work Search and Report Order dated 03/23/2015 as the defendant was found to have no income, at that time, to warrant a support obligation.
> As neither parties reside in Carbon County, and per the defendant's written consent, this child support case #145101478, Docket#136DR11

4

> from Carbon County shall be transferred to
> Northampton county Domestic Relations
> Section.
> Upon acceptance of the transfer from
> Northampton County, the Carbon County case
> will be closed.

*See*, Order, 7/30/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County).

The Northampton County Domestic Relations Section received the Registration Statement from Carbon County on August 19, 2015 and the matter was docketed at the instant docket number. *See*, Registration Statement, *Klinger v. Geiger*, DR-116715 (Com. Pl. Northampton County). On October 1, 2015, the undersigned entered an Order of Registration and Confirmation indicating that the Foreign Support Order Number 136DR11 issued by the Carbon County Court in the state of Pennsylvania, whereby the Defendant has been directed to pay $0.00 per month for Shawnee D. Geiger born 02/17/99 which became effective February 15, 2015, and in which there are arrears of $0.00 as of August 14, 2015, is hereby registered and confirmed by the Court of NORTHAMPTON County. *See*, Order of Registration and Confirmation, 10/1/15, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County).

After acceptance and registration of the Carbon County Order, on October 13, 2015, the Director of Northampton County Domestic Relations, Ruth Vega-Velez, filed a Petition for Review of the instant

5

matter on behalf of Domestic Relations Section to review the non-financial obligation dated 3/23/15 and the prior support award dated 7/28/11. *See*, Petition for Review, 10/13/2016, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County). On October 13, 2015, upon consideration of the Petition, the Court agreed that the circumstances warranted review. *Id*.

The parties were ordered to appear for a modification conference scheduled for November 16, 2015. On that date, Defendant appeared with his counsel before Conference Officer Nicole Lockhart (hereinafter "Lockhart"). *See*, Summary of Trier of Fact, November 16, 2015, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County). Plaintiff was not required to appear in person, but submitted 6 months of pay stubs and an income and expense statement. *Id*. Plaintiff's adjusted monthly net income was determined to be $1,797.00. *Id*. At the conference, Defendant reported that he was unemployed and that he last worked in 2011 for a temp agency doing full time, seasonal work earning $12.00 per hour. *Id*. Defendant reported that he had collected unemployment following his last job, but that those payments terminated in 2012. *Id*. Defendant reported that he sees a physician every 2 months, but did not report when the last appointment had occurred and produced no medical documentation or physician verification form as set forth in the conference notice. *Id*.

6

Defendant indicated that he had not filed for Social Security Disability benefits following his 2011 employment. *Id*.

Lockhart recommended that Defendant be assessed an earning capacity from the PA Occupational Wage Survey as a laborer with an annual salary of $19,530.00. As a result, Defendant was determined to have an assessed earning capacity resulting in an adjusted monthly net income of $1,355.00. *Id*. Lockhart determined that Defendant's support obligation for the one child at issue would be $317.00 per month, however, after considering Defendant's multiple family obligation, and including that in the calculation of support, the guideline support amount totaled $193.00 per month. *Id*.

On November 16, 2015, the undersigned entered an Order in accordance with Lockhart's recommendation. *See*, Order, 11/16/2015, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County). Defendant was ordered to pay monthly support in the amount of $232.00, allocated $193.00 for basic support and $39.00 for arrears. *Id*. Plaintiff was ordered to provide medical insurance coverage and Defendant was held responsible for 43% of unreimbursed medical expenses. *Id*. The Order specifically took into account the multiple family calculation for Defendant. *Id*. On November 30, 2015, Defendant filed a written demand for a *de novo* hearing, which was scheduled for January 27, 2016.

7

On January 27, 2016, Defendant and his counsel appeared before the undersigned. Plaintiff was represented by Title IV-D counsel Stephen Mowrey, but did not personally attend. *See*, Notes of Transcript (N.T.), De Novo Hearing, 1/27/2016, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County). On March 7, 2016, we entered the Order currently before the Superior Court. Our March 7, 2016 Order provided that, following the January 27, 2016 hearing, and "after a full review of the record" the November 16, 2015 Order of Court was made final. *See*, Order, 3/7/2016, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County). The March 7, 2016 Order specifically noted that the Carbon County Order was registered effective 10/1/15 and that the Carbon County Court had terminated the financial obligation but had placed Defendant in a non-financial obligation status. *Id*. The March 7, 2016 Order noted that the Northampton County Domestic Relations Section had petitioned the Court to review the matter upon accepting the registration of the Order and that, as was set forth in the November 16, 2015 Order, it was appropriate to assess Defendant an earning capacity. *Id*.

On April 1, 2016, Defendant filed his Notice of Appeal of the March 7, 2016 Order. Also on April 1, 2016, Defendant filed a 1925(b) Statement. *See*, Defendant/Appellant Edward Geiger's 1925(b) Statement, 4/1/2016, *Klinger v. Geiger*, DR-0116715 (Com. Pl.

8

Northampton).  Defendant raised four (4) alleged errors, stating as

follows:

1. This Honorable Court committed an error of law and/or abuse of discretion by failing to enter a written order consistent with the Order that this honorable Court stated at the time of the hearing.  Specifically, on the date of the hearing Defendant intended to present multiple arguments regarding Plaintiff's support case against Defendant.  In particular, Defendant's counsel asserted the following:

i. That the support matter was improperly commenced in violation of Pa.R.C.P. 1910.3;

ii. That the matter was barred by operation of Res Judicata due to the prior determination by the Carbon County Court of Common Pleas' decision regarding Defendant's earning capacity;

iii. That the matter was barred by operation of Res Judicata and the Plaintiffs abandonment of her prior case in Carbon County;

iv. That despite Defendant requesting a de novo hearing and the hearing notice requiring both parties to appear, Plaintiff failed to appear.  Defendant's counsel asserted that Plaintiff abandoned her appeal and in the alternative asserted that the trial court compel Plaintiff to appear;

v. That, alternatively, there was no evidence of a change in Defendant's earnings capacity from the prior order of the Court of Common Pleas of Carbon County.
Upon Defendant raising these arguments and the Honorable Trial Court reviewing the Order of the Court of Common Pleas, the Trial Court stated that the support matter would be dismissed the Court would direct DRO case workers to contact the Plaintiff and if Plaintiff intended to pursue the matter, the case would be re-listed for a hearing.  Nonetheless, the

Trial Court failed to enter an order consistent with these terms stated by the Trial Court at the time of the conclusion of the hearing.

2. In the alternative, the trial court committed an error of law and/or abuse of discretion by failing to consider Defendant's arguments raised at the *de novo* hearing, including the following:

    i. That the support matter was improperly commenced in violation of Pa.R.C.P. 1910.3;

    ii. That the matter was barred by operation of Res Judicata due to the prior determination by the Carbon County Court of Common Pleas' decision regarding Defendant's earning capacity;

    iii. That the matter was barred by operation of Res Judicata and the Plaintiffs abandonment of her prior case in Carbon County;

    iv. That despite Defendant requesting a de novo hearing and the hearing notice requiring both parties to appear, Plaintiff failed to appear. Defendants counsel asserted that Plaintiff abandoned her appeal and in the alternative asserted that the trial court compel Plaintiff to appear;

    v. That, alternatively, there was no evidence of a change in Defendant's earnings capacity form the prior order of the Court of Common Pleas of Carbon County;

    vi. Defendant also notes that he may have raised additional arguments had the court conducted a proper *de novo* hearing.

3. In the alternative, that the trial court failed to afford Defendant a full and fair de novo hearing as required by Pennsylvania Law and the Rules of Civil Procedure.

4. In the alternative, that the trial court committed an error of law and/or abuse of discretion by making findings and conclusions

of law where no testimony or facts of record exist to support the trial courts determinations regarding Defendant's and Plaintiff's earnings, as well as Defendant's support obligation, and further, by disregarding the prior uncontradicted findings of the Court of Common Pleas of Carbon County regarding Defendant's earning capacity and support obligation.

*See*, Defendant/Appellant Edward Geiger's 1925(b) Statement, 4/1/2016, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton).

We respectfully submit that each of the issues raised by Defendant are without merit.

## STANDARD OF REVIEW

It is well established that the Superior Court's scope of review is limited in child support cases. *See*, *Haley v. Haley*, 549 A.2d 1316, 1317 (Pa. Super. 1988). It is within the trial court's discretion to determine the amount of a support Order, and its judgment should not be disturbed on appeal absent a clear abuse of discretion. *Id.*, *quoting*, *Ritter v. Ritter*, 518 A.2d 319, 322 (Pa. Super. 1986). "'On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award.'" *Id.*, *quoting*, *Fee v. Fee*, 496 A.2d 793, 794 (Pa. Super. 1985). A finding of abuse will be made only upon a showing of clear and convincing evidence. *Id.*, *citing*, *Koller v. Koller*, 481 A.2d 1218 (Pa. Super. 1984). The role of an appellate

11

court in support proceedings is limited and a finding of an abuse of discretion should not be made lightly. *Hayley*, 549 A.2d at 1317, *citing*, *Hartley v. Hartley*, 528 A.2d 233 (Pa. Super. 1987); *Shindel v. Leedom*, 504 A.2d 353 (Pa. Super. 1986).

## DISCUSSION

As set forth above, Defendant raises four (4) alleged errors in his 1925(b) Statement. The second of those issues contains several sub-issues. Upon review of the record, we respectfully submit that each of the alleged errors are without merit and that we did not commit an error of law or abuse our discretion in entering the March 7, 2016 Order.

### A. It was not an error of law or abuse of discretion to enter the March 7, 2016 Order which was inconsistent with what was stated at the time of hearing.

Defendant first argues that we committed an error of law or abused our discretion when we "failed to enter a written Order consistent with the Order that this Honorable Court stated at the time of the hearing." *See*, Defendant's 1925(b) Statement at ¶ 1. Defendant lists a series of arguments that counsel asserted, then states that "[u]pon Defendant raising these arguments and the honorable Trial Court reviewing the Order of the Court of Common Pleas, the Trial Court stated that the support matter would be dismissed, the Court would direct DRO case workers to contact Plaintiff

12

and if Plaintiff intended to pursue the matter, the case would be re-listed for a hearing." *Id.* Defendant concludes his first alleged error stating that "[n]onetheless, the Trial Court failed to enter an order consistent with these terms stated by the Trial court at the time of the conclusion of hearing." *Id.*

Upon review of the record, Defendant misstates several issues. Initially, there was never an Order placed on the record at the time of the hearing. *See*, N.T., De Novo Hearing, 1/27/2016, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton County). Additionally, at no time did we state on the record that the support matter would be dismissed. *Id.* While Defendant is correct that our March 7, 2016 Order of Court was not consistent with the statements in the courtroom, this does not, in and of itself, instill Defendant's appeal with merit.

In the course of the *de novo* hearing, the undersigned stated on the record as follows:

> Here's what I think is the most appropriate thing to do: we're going to reach out to the Plaintiff and inquire as to whether or not she is looking to pursue support at this time against Mr. Geiger. If she is, we're going to direct that she file a new petition and at that point in time I will hear testimony and determine whether I think it should be retroactive . . . because of whatever her understanding was . . . Or whether or not it she's even interested it should go from this day forward.

13

N.T., De Novo Hearing, 1/27/2016 at 10:11-11:1, *Klinger v. Geiger*, DR-0116715 (Com. Pl. Northampton).

While not included in the transcript of the *de novo* hearing, the full domestic relations file was made part of the record for the *de novo* hearing without objection. Following the presentation of argument by Defendant's counsel at the hearing, the undersigned conducted a detailed review of the Domestic Relations file. As was discussed at the hearing, a Domestic Relations representative did, in fact, contact Plaintiff and she indicated that she was still seeking support from Defendant. Furthermore, upon review of the file, the Court learned that a full and complete conference had already been held and therefore no remand was needed, or appropriate. The Court determined the assessment of income for Defendant was appropriate.

Upon review of the file, it was noted that the July 28, 2011 Order from Carbon County, the last Order that included a financial obligation by Defendant, had included a net monthly income for Defendant of $1,146.04. *See*, Order of Court, 7/28/2011, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). As discussed above, on March 23, 2015, the Carbon County Court terminated the July 28, 2011 Order without prejudice and entered the "Suspended Order / Non-Financial Order". That Suspended Order / Non-Financial Order provided that the financial obligation was to be reviewed/conferenced

14

for determination upon a list of events and required Defendant to immediately report to domestic relations any changes to his employment, income, assets or ability to work. *See*, Suspended Order / Non-Financial Order, 3/23/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). That Order also noted that "[i]f it is determined that defendant has committed fraud or otherwise materially misrepresented his/her income or assets, and/or if the defendant fails to comply with any provision of this order, the prior order and arrears may be reinstated." *Id*. On March 23, 2015, the Carbon County Court also entered the "Order – Work Search and Report". That Order required Defendant to comply with the Job Search Order until further instructed by Domestic Relations and required Defendant to submit his first form reporting his job search efforts no later than April 17, 2015. *See*, Order – Work Search and Report, 3/23/2015, 136 DR 11 (Com. Pl. Carbon County). That Order specifically notes that "[f]ailure to comply with any of the provisions of this Order may lead to the initiation of additional proceedings against you to determine whether you should be held in contempt of court." *Id*.

The Northampton County Domestic Relations file includes a PACSES – Production – Note dated October 8, 2015 at 1:12 p.m. that notes that the case was reviewed and stated verbatim, as follows:

> per review case to be scheduled for conference
> on drs petition for review. case was nfob'd

15

> March 2015 due to deft having no income.
> Unknown if deft is employed or what efforts
> have been made to secure employment.
> Additionally, last monetary order addressed
> summer visitation which may have changed.

*See*, PA PACSES – Production – Note, 10/8/2015, *Klinger v. Geiger*, DR-116715 (Com. Pl. Northampton). The Summary of Trier of Fact prepared by Lockhart does not include any indication that Defendant had been working or that he had even attempted to locate new employment. *See*, Summary of Trier of Fact, 11/16/2016, *Klinger v. Geiger*, DR-116715 (Com. Pl. Northampton). Defendant reported he had last worked in 2011 for a temp agency doing full time seasonable work in warehouses. *Id*. at 2. He had been earning $12.00 per hour at that job. *Id*. Defendant reported that he had received unemployment benefits that ceased in 2012. *Id*. Defendant indicated that he sees a physician every 2 months, but did not state that he was unable to work. *Id*. Defendant reported that he had not filed for Social Security Disability benefits since his unemployment benefits terminated. *Id*. Defendant did not present any documentation from a doctor of any disability and did not have a physician verification form. *Id*. Lockhart noted that the "parties were under a support obligation in Carbon County that was set to a non-financial obligation and defendant was placed on a work search program in March 2015

wherein he was required to actively seek employment and provide updates regarding his efforts." *Id.* at 3.

Based upon these facts, Lockhart recommended Defendant be assessed an earning capacity, which we deemed appropriate. Defendant was assessed an earning capacity of $19,530.00 per year as an entry level "Laborer & Freight, Stock and Material Mover" as set forth in the Pennsylvania Occupational Wages survey for the Northampton County labor market area. That income for Defendant was utilized to run the support calculations using the formula set forth in Pa.R.C.P. No. 1910.16-1 et seq. Defendant also received the benefit of the multi family calculation provided for in Pa.R.C.P. No. 1910.16-7.

Based upon the above, it was not an error of law or abuse of discretion to enter the March 7, 2016 Order making the November 16, 2015 Order final despite what was said at the *de novo* hearing. Counsel for Defendant was permitted to present argument to the Court and those arguments, as will be discussed below, were considered. The record as a whole, including the Domestic Relations file, made it clear to the Court that the November 16, 2015 Order was properly entered and that Defendant should be assessed an earning capacity for the calculation of child support. Therefore, it is respectfully suggested that the first alleged error raised by Defendant is without merit.

17

## B. Each of Defendant's issues raised at the de novo hearing were considered in entering our March 7, 2016 Order.

Defendant's second alleged error is that we failed to consider Defendant's arguments raised at the *de novo* hearing. As set forth in his 1925(b) Statement, Defendant raises five (5) specific arguments we allegedly failed to consider, however, each of these issues was considered in the course of entering our March 7, 2016 Order. We will address each of the arguments Defendant asserts we failed to consider in turn.

First, Defendant argues that this matter was improperly commenced in violation of Pa.R.C.P. No. 1910.3. Contrary to Defendant's assertion, this matter was not improperly commenced in violation of Pa.R.C.P. No. 1910.3. That rule provides, in relevant part, as follows:

> (a) An action may be brought
> (1) by a person, including a minor parent or a minor spouse, to whom a duty of support is owing, or
> (2) on behalf of a minor child by a person having custody of the child, without appointment as guardian ad litem, or
> (3) on behalf of a minor child by a person caring for the child regardless of whether a court order has been issued granting that person custody of the child, or
> (4) by a public body or private agency having an interest in the case, maintenance or

18

> assistance of a person to whom a duty of
> support is owing, or
> (5) by a parent, guardian or public or private
> agency on behalf of an unemancipated child
> over eighteen years of age to whom a duty of
> support is owing, or
> (6) by any person who may owe a duty of
> support to a child or spouse. If the person to
> whom a duty of support may be owed does not
> appear, the action may be dismissed without
> prejudice for the petitioner to seek further
> relief from the court.

Pa.R.C.P. No. 1910.3(a). The instant support matter was commenced in 2007 by Plaintiff, Tricia Klinger, in Schuylkill County. The matter was transferred to Carbon County then subsequently transferred to Northampton County. It is not disputed that that Plaintiff is the mother of the child subject to the support order and that Plaintiff has primary physical custody of the child. Clearly, Plaintiff is a proper party and permitted to file a support action under Pa.R.C.P. No. 19103. The instant matter was not improperly commenced in violation of Pa.R.C.P. No. 1910.3 and this issue is without merit.

Secondly, this matter is not barred by Res Judicata due to the prior determination by Carbon County regarding Defendant's earning capacity, as argued by Defendant. "Under the doctrine of res judicata issue preclusion, when an issue of fact or of law is actually litigated and determined by a valid final judgment, and determination of the issue was essential to judgment, the determination on that issue is conclusive in a subsequent action between the parties, whether on the

19

same or a different claim." *McNeil v. Owens-Corning*, 680 A.2d 1145, 1147-48. (Pa. 1996). The Pennsylvania Supreme Court in *McNeil* noted that "[w]e have interpreted the 'modern doctrine of res judicata' as incorporating both claim preclusion, or traditional res judicata, and issue preclusion, or traditional collateral estoppel." *Id.* at fn. 2. The traditional doctrine of collateral estoppel, or issue preclusion, "holds that when a particular issue has already been litigated, further action on the same issue is barred." *Id*.

In the instant matter, the Carbon County Court entered the March 23, 2015 Orders set forth at length above. The Carbon County Court determined that Defendant had no known income or assets and that there was no reasonable prospect that Defendant would be able to pay in the foreseeable future. *See*, Suspended Order / Non-Financial Order, 3/23/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). That Order, however, specifically provided that the financial obligation could be reviewed/conferenced for further determination in the future. *Id.* The Order also specifically provided that if Defendant failed to comply with any provision of the order, the prior Order and arrears could be reinstated. *Id.* The Carbon County Court also specifically required Defendant to participate in a Work Search Program. *See*, Order – Work Search and Report, 3/23/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon County). The goal of the work

20

search program was obviously to help Defendant obtain employment so that the case could then be reviewed and Defendant could pay support for his child. The Order – Work Search and Report entered by the Carbon County Court specifically noted that failure to comply with any provisions of the order may lead to the initiation of additional proceedings. *Id.* Pursuant to the Order – Work Search and Report, Defendant was required to comply with the job search order until further instructed and was required to submit his first form to Domestic Relations by April 17, 2015.

There was no issue preclusion or claim preclusion in any of the Orders entered by the Carbon County Court. To the contrary, those Orders dealt with the status of the case as of March 23, 2015 and specifically put Defendant on notice that his financial status could and would be reviewed in the future. Upon receipt of the file and acceptance of the transfer of the file under the Intrastate Family Support Act ("IFSA"), 23 Pa.C.S.A. § 8101 et seq., Northampton County Domestic Relations specifically noted in the file that there was nothing in the record regarding Defendant's employment or the efforts made by Defendant to secure employment under the Carbon County Order requiring him to seek employment. *See*, PA PACSES – Production – Note, 10/8/2015, *Klinger v. Geiger*, DR-116715 (Com. Pl. Northampton). Northampton County Domestic Relations also noted

21

that the last monetary Order had addressed summer visitation, which may have changed in the interim since that Order. *Id.* Given that we had no documentation that Defendant had complied with the Work Search Order from Carbon County, it was clearly within our purview to conference the matter and determine the status of the case. Once the matter was scheduled for a conference, Defendant and his counsel appeared before Ms. Lockhart for the conference. Defendant provided no documentation as to any disability and gave no explanation as to why he could not work. Under the circumstances it was clearly appropriate, particularly given Defendant's failure to comply with the Work Search Order from Carbon County, to come to the conclusion that Defendant was capable of working and assess him an earning capacity.

Thirdly, the matter was not barred by Res Judicata and the Plaintiff's abandonment of her prior case in Carbon County. Contrary to Defendant's assertion, the record does not reveal that Defendant abandoned her case in Carbon County. Counsel for Defendant noted several times during the *de novo* hearing that Plaintiff had withdrawn her support claim or withdrawn her appeal. *See,* N.T., De Novo Hearing, 1/27/2016 at 5:13-15; 6:2; 6:8; 7:15-20; 7:24-8:2; 8:20. There is a critical distinction to be made between Plaintiff withdrawing her support claim and Plaintiff withdrawing her appeal. The Findings

22

of Fact prepared by Carbon County Hearing Officer Diehl are critical, and instructive on this point. As noted by Ms. Diehl, on April 9, 2015, Plaintiff filed a timely appeal of the March 23, 2015 Orders. *See*, Domestic Relations Office Hearing Officer's Report, 6/2/2015 at ¶ 4, *Klinger v. Geiger*, 136DR11 (Com. Pl. Carbon County). Plaintiff withdrew her appeal of the March 23, 2015 Orders on May 29, 2015. *Id*. at ¶ 8. Given that neither party resided in Carbon County, the case was to be transferred to Northampton County, which "should aid in enforcement of any future child order which may be entered between the parties." *Id*. at ¶ 9. Plaintiff did not withdraw her claim for support or discontinue the support action. Plaintiff merely withdrew her appeal of the March 23, 2015 Orders which placed Defendant into a non-financial obligation status and required him to enter the job search program. The July 30, 2015 Order from the Carbon County Court specifically notes that "this case is currently open as an NFOB (Non-Financial Obligation)." *See*, Order, 7/30/2015, *Klinger v. Geiger*, 136 DR 11 (Com. Pl. Carbon). That Order noted that the Defendant was under a Work Search and Report Order and the matter was to be transferred to Northampton County. The claim for support was never abandoned and never discontinued. The case was never closed and was not resolved. Defendant was under an ongoing non-financial obligation and was still required to comply with the work search order

23

until directed otherwise. At no point did Plaintiff abandon her claim, therefore, this issue is without merit.

The fourth argument raised by Defendant is that "despite Defendant requesting a *de novo* hearing, and the hearing notice requiring both parties to appear, Plaintiff failed to appear. Defendant's counsel asserted that Plaintiff abandoned her appeal, and in the alternative, asserted that the trial court compel Plaintiff to appear." *See*, Defendant's 1925(b) Statement at ¶ 2 (iv). As discussed above, Plaintiff did not abandon her support claim. Furthermore, despite Defendant's claim, Plaintiff was not required to attend the hearing. Pursuant to IFSA, specifically 23 Pa.C.S.A. § 8311, entitled "Special rules of evidence and procedure", "[t]he physical presence of the petitioner in a responding tribunal is not required for the establishment, enforcement or modification of a support order or the rendition of a judgment determining parentage." *See*, 23 Pa.C.S.A. § 8311(a). The *de novo* hearing was for the enforcement or modification of a support order. Plaintiff was not required to be present. The Title IV-D attorney, Steve Mowrey was present and represented the interests of Plaintiff and the Domestic Relations Section. The undersigned specifically explained to Defendant and counsel that Plaintiff was not required to be present. *See*, N.T., De Novo Hearing, 1/27/2016 at 2:10-13; 2:23-24. We did, however,

24

specifically give Defendant and his counsel the option to continue the hearing so that Plaintiff could be available to testify by telephone. *Id.* at 3:2-9. Defendant, through his counsel, chose to proceed with the hearing. *Id.* at 3:10.

Based upon the above, the fourth argument raised by Defendant that we allegedly failed to address, is without merit and does not require any form of relief. Plaintiff was not required to be present for the hearing, Plaintiff never abandoned her appeal, and Defendant chose not to continue the hearing despite the Court's offer to do so.

The fifth argument Defendant alleges we failed to consider is that there was no evidence of a change in Defendant's earning capacity from the prior order of the Carbon County Court. This issue is without merit. The Carbon County Court indicated that as of March 23, 2015, Defendant did not have any assets and did not have a job. The Carbon County Court required defendant to look for a job and submit reports to the Court regarding that search. The record is devoid of any evidence that Defendant looked for a job or in any way complied with the Order to engage in a job search. Defendant told our Conference Officer, Ms. Lockhart, that he was not employed, that he had not worked since 2011, had not received unemployment since 2012 and had not applied for any form of Social Security Disability. *See*, Summary of Trier of Fact, November 16, 2015, *Klinger v. Geiger*,

25

DR-0116715 (Com. Pl. Northampton County). While he indicated he had medical issues and saw a doctor regularly, Defendant did not present any medical evidence and failed to submit a physician verification regarding his inability to work.

Pa.R.C.P. No. 1910.16-2 governs the calculation of net income for support purposes. That section provides as follows:

> (4) *Earning Capacity*. If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. No. 1910.16-2.

Upon review of the record, it is clear that Defendant has "willfully failed to obtain or maintain appropriate employment". It is well established that "[c]hild support is a shared responsibility requiring

26

both parents to contribute to the support of their children in accordance with their relative incomes and ability to pay." *Portugal v. Portugal*, 798 A.2d 246, 249-250 (Pa. Super. 2002), *quoting*, *Kersey v. Jefferson*, 791 A.2d 419, 423 (Pa.Super.2002). "Where a party willfully fails to obtain appropriate employment, his or her income will be considered to be equal to his or her earning capacity." *Id*. (Internal citations omitted).

Since 2011, Defendant has not worked and the record is devoid of any documentation of Defendant even attempting to find work, despite the Carbon County Court's Order requiring him to do so. Defendant failed to submit any reports regarding his job search to Carbon or Northampton County. Defendant also failed to submit any medical documentation or physician verification establishing a disability that would preclude him from working. When he did last work, Defendant worked in a warehouse earning $12.00 per hour. Working 40 hours per week at $12.00 per hour would result in a gross annual income of $24,960.00. Therefore, we actually assessed Defendant at a lower income than he had previously received.

Based upon the above, Defendant was properly assessed an earning capacity.

**C. Defendant received a full and fair de novo hearing.**

27

The third alleged error raised by Defendant is that "the trial court failed to afford Defendant and full and fair de novo hearing as required by Pennsylvania Law and the Rules of Civil Procedure." *See*, Defendant's 1925(b) Statement at ¶ 3. This argument is without merit.

Pa.R.C.P. No. 1910.11 provides the procedure for child support matters in Northampton County. In accordance with Rule 1910.11(e), following the November 16, 2015 conference with Ms. Lockhart, the Court entered the November 16, 2015 Order in accordance with Lockhart's recommendations. Rule 1910.11(i) provides as follows:

> If a demand is filed, there shall be a hearing de novo before the court. The domestic relations section shall schedule the hearing and give notice to the parties. The court shall hear the case and enter a final order substantially in the form set forth in Rule 1910.27(e) within sixty days from the date of the written demand for hearing.

Pa.R.C.P. No. 1910.11(i).

"Under Pa.R.Civ.P. 1910.11 a litigant has an absolute right to his/her day in court should it be desired . . . that hearing shall be *de novo* and not limited in scope." *Warner v. Pollack*, 644 A.2d 747, 751 (Pa. Super. 1994). "De novo review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." *D'Arciprete v. D'Arciprete*, 470 A.2d 995, 996 (Pa. Super. 1984,

28

*quoting, Commonwealth v. Gussey,* 466 A.2d 219, 222 (Pa. Super. 1983). Under the procedures of Rule 1910.11, the lower court has discretion in the *de novo* hearing to consider all the facts in determining whether to accept, reject or modify the master's recommendation. *Id.*

The parties in the instant matter were provided notice of the *de novo* hearing following Defendant's demand. Defendant and his counsel were present for the January 27, 2015 *de novo* hearing and Plaintiff's representative was present. After the Court informed counsel for Defendant that Plaintiff was not required to be present, we gave Defendant the opportunity to continue the hearing and to require Plaintiff to appear via telephone. *See,* N.T., De Novo Hearing, 1/27/2016 at 2:23-3:6. Counsel declined that opportunity. *Id.* at 3:10. Counsel for Defendant was then permitted to present his argument regarding the Carbon County proceedings and Defendant's position that the matter had been withdrawn. *Id.* at 5:2-8:20. Counsel was also permitted to address his res judicata argument. *Id.* at 8:20-9:6. Counsel also raised the argument that a change in circumstances was required to enter the November 16, 2015 Order assessing Defendant an earning capacity. *Id.* at 9:6-15.

Following the hearing, we considered the arguments made by counsel for Defendant and conducted a thorough review of the record

29

including the Domestic Relations file. We then entered the Order of March 7, 2016. Defendant received his day in Court and we considered all of the facts of record in entering the March 7, 2016 Order. Defendant's third alleged error is without merit and should be dismissed.

### D. The record was sufficient to justify the March 7, 2016 Order.

Defendant's final alleged error is as follows:

> the trial court committed an error of law and/or abuse of discretion by making findings and conclusions of law where no testimony or facts of record exist to support the trial court's determinations regarding Defendant's and Plaintiff's earnings, as well as Defendant's support obligation, and further, but disregarding the prior, uncontradicted findings of the Court of Common Pleas of Carbon County regarding Defendant's earning capacity and support obligation.

See, Defendant's 1925(b) Statement at ¶ 4.

Defendant's final alleged error is essentially a restatement of several aspects of the previous issues raised. As set forth above, the Northampton County Domestic Relations file is part of the record in this matter. There are significant facts of record and testimony included in the record, including the testimony presented at the conference on November 16, 2015 along with all of the documents submitted by the parties for review. Those documents submitted included 6 months of statements establishing Plaintiff's income,

30

Plaintiff's income and expense statements and Defendant's income and expense statements. Defendant appeared at the conference on November 16, 2015 and provided significant testimony to Conference Officer Lockhart. *See*, Summary of Trier of Fact, 11/16/2015.

We also reviewed the documents transferred to Northampton County by the Carbon County Court. As discussed above, the Carbon County Court's findings regarding Defendant's earning capacity and support obligation were made as of that date. The Carbon County Court clearly anticipated that Defendant's status, earning capacity and support obligation would be reviewed and reconsidered in the future. In fact, Carbon County specifically required Defendant to look for a job and submit reports regarding his job search so that Defendant's support obligation could be reevaluated.

Based upon the above, Defendant's final alleged error is without merit. There was a significant factual record to support our March 7, 2016 Order.

## CONCLUSION

It is respectfully submitted that Defendant's appeal of our March 7, 2016 Order is without merit. After this matter was transmitted to Northampton County, pursuant to IFSA, Northampton County Domestic Relations filed a Petition to Review the non-financial status of the case. The matter was conferenced with Conference Officer

31

Lockhart and Defendant and his counsel appeared at the conference. Testimony was taken and documents were received. Based on the record, Defendant was assessed an earning capacity and the November 16, 2015 Order was entered. After Defendant's demand, a *de novo* hearing occurred. Following that hearing, and a thorough review of the record, we entered the March 7, 2016 Order making the November 16, 2015 Order final.

Although the March 7, 2016 Order was not consistent with the informal discussion that occurred at the *de novo* hearing, following a thorough review of the entire record, it was determined that the March 7, 2016 Order was appropriate. Defendant was given a full and fair opportunity to present his arguments through counsel and, alternatively, Defendant was afforded the opportunity to request a continuance. Defendant and his counsel chose to proceed with the hearing. In entering our March 7, 2016 Order, each of the arguments raised by Defendant was considered, however, none of those arguments were persuasive. Defendant received a full and fair *de novo* hearing and the proper findings of fact and conclusions of law were reached to enter the March 7, 2016 Order.

It is respectfully submitted that Defendant's appeal is without merit and should be denied.

BY THE COURT

32

PAULA A. ROSCIOLI, J.